UNION PRESSED BRICK CO. v. FULTONHAM BRICK & DRAIN TILE CO.

(Circuit Court of Appeals, Seventh Circuit.   January 7, 1902.)

No. 787.

**1. APPEAL—REVIEW OF INSTRUCTIONS—NECESSITY OF EXCEPTIONS.**

Assignments of error going to the charge of the court cannot be considered by the appellate court in the absence of exceptions taken at the trial.

**2. CONTRACT—BREACH AUTHORIZING TERMINATION.**

Plaintiff contracted to sell to defendant a quantity of brick, to be delivered as ordered within six months, the orders not to exceed the capacity of its works, and defendant agreed to pay on the 15th of each month for the brick delivered during the previous month.   *Held,* that the failure to make any such payment absolved the plaintiff from its obligation to make further deliveries, unless such failure was justified by plaintiff's previous failure to fill orders as required by the contract.

**8. APPEAL—REVIEW—VERDICT OF JURY.**

The circuit court of appeals, on writ of error, cannot set aside a verdict as against the weight of evidence.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Adelbert Hamilton, for plaintiff in error.

Charles E. Vrooman, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BAKER, District Judge.

PER CURIAM.   This suit is to recover the balance due for certain brick manufactured by the Fultonham Company, and by it sold and delivered to the plaintiff in error prior to September 18, 1899, under a contract between the parties dated April 8, 1899, by which the Fultonham Company agreed to sell to the Union Company 4,000,000 brick or block "as the same shall be ordered by said second party (not to exceed capacity of said first party's works) between May 1, 1899, and November 1, 1899," at the price of $5 per thousand, payment to be made on the 15th day of each month for all material delivered the preceding month.   There was a plea of the general issue, a plea of nul tiel corporation, and at the trial a further and amended plea that prior to September 15, 1899, the defendant ordered under the contract 2,500,000 of brick, to be delivered on or before September 1, 1899, and that such order did not exceed the capacity of the plaintiff's plant from May 1 to September 15, 1899.   The amended plea further alleges performance of the contract by the defendant, failure of plaintiff to deliver as ordered, and that the resulting damage should be offset against the plaintiff's demand.   At the trial the plaintiff (its incorporation being conceded) placed in evidence the contract, proved delivery of brick thereunder as claimed, and nonpayment, as alleged, and rested.   The defendant thereupon proved its orders for brick, a failure by the plaintiff to fully comply with them in respect to delivery, and gave evidence touching the capacity of the plaintiff's plant to manufacture the brick ordered.   Upon the latter question

the testimony was conflicting, and was the sole question submitted to the jury by the court in a charge to which no exceptions were lodged. The assignment of error goes mainly to specific portions of the charge, but we are not at liberty to consider them in the absence of exceptions taken at the trial. The assignment of errors covers six requests to charge preferred by the defendant below, stating that the refusal to grant each of them was duly excepted to at the trial. The first, third, and fifth of these requests the record discloses were given, and not refused. The second request was given with a proper modification. The fourth and sixth requests were manifestly erroneous, and properly refused. By the terms of the contract the Fultonham Company had until November 1st to make full delivery of the brick contracted for, but was bound from time to time to fill all orders which did not exceed the capacity of its plant. The Union Company was bound to pay on the 15th of each month for all brick delivered the previous month. Its failure to pay would absolve the Fultonham Company from proceeding with the contract, unless that failure in payment was justified by the neglect of the Fultonham Company to fill the orders of the Union Company to the extent of the capacity of the plant. The plea tendered the issue that the Fultonham Company had defaulted in filling the orders of the Union Company, and that was the sole issue tried to the jury. It is urged that the verdict is unjust, and should be set aside. That we have no power to do, the responsibility in such case resting with the trial court.

The judgment is affirmed.